United States District Court
Southern District of Texas
**ENTERED**
March 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY C. BALDOBINO, | § | |
| TDCJ # 0205792. , | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-3458 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Larry C. Baldobino, an inmate in the custody of the Texas Department of

Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a writ of

habeas corpus under 28 U.S.C. § 2254.  Petitioner proceeds *pro se*.  Respondent filed a

motion for summary judgment (Dkt. 9) and a copy of the state court records (Dkt. 10; Dkt.

11).  Baldobino has responded (Dkt. 12) and the motion is ripe for decision.  Having

reviewed the petition, the motions and briefing, the applicable law, and all matters of

record, the Court will dismiss this action as time-barred for the reasons explained below.

## I.   BACKGROUND

On April 1, 2016, a jury convicted Baldobino of burglary of a habitation, enhanced,

in the 506th District Court of Grimes County, Case No. 17,951, Hon. Jo Ann Ottis

presiding (Dkt. 10-10, at 63-67).  The jury sentenced him to 32 years in prison and a $7500

fine.

On October 24, 2017, the First Court of Appeals affirmed Baldobino's conviction.

*Baldobino v. State*, No. 01-16-00340-CR, 2017 WL 4782513 (Tex. App.–Hou. [1st Dist.] Oct. 24, 2017, no pet.); Dkt. 10-2; Dkt. 10-3.  Although the Court of Criminal Appeals granted Baldobino an extension of time until March 13, 2018, to file a petition for discretionary review (Dkt. 9-1), Baldobino did not file the petition (Dkt. 10-6).

On November 28, 2018, Baldobino executed an application for state habeas relief, WR-89,489-01 (Dkt. 11-9, at 5-22). The record before this Court does not contain findings of fact and conclusions of law, or any recommendation, from the trial court regarding Baldobino's application. On February 20, 2019, the Court of Criminal Appeals denied relief without written order (Dkt. 11-7).

On March 15, 2020, Baldobino executed a second state habeas application, which was file-stamped by the trial court on June 25, 2020 (Dkt. 11-12, at 4-13). The Court of Criminal Appeals dismissed the application as subsequent on September 2, 2020 (Dkt. 11-10).

Baldobino executed his federal petition on October 2, 2020 (Dkt. 1).  He brings three claims for relief:  (1) he is actually innocent of burglary of a habitation because the prosecution did not present any evidence of forced entry into the home of his sister, Aurora McGrath; (2) his trial counsel was constitutionally ineffective because he failed to investigate and prepare Baldobino's innocence defense; and (3) the evidence was insufficient to support his conviction for burglary of a habitation because of evidence at trial showing that windows were blocked and could not have been used for entry, that Baldobino's fingerprints were not found, and that the locks had been changed before the

burglary, among other evidence.[1]   In this court, Baldobino submits an affidavit from

McGrath that she executed on November 29, 2018, around the time he filed his state habeas

---

[1]      The appellate court's opinion provides the following facts about Baldobino's conviction
for burglarizing his sister's home:

> The complainant, Aurora Baldobino McGrath, reported a theft of jewelry from her
> home. She suspected her brother, appellant, of having taken it. Following an
> investigation, appellant was arrested and charged with burglary of a habitation... .
> A little more than a month before McGrath's jewelry was stolen, she and appellant
> had had an altercation at McGrath's daughter's house that ended when the police
> issued a criminal trespass warning against appellant to prevent him from going to
> McGrath's home. This criminal trespass warning was still in effect at the time
> McGrath's jewelry was stolen.
>
> . . . [In 2015,] McGrath subsequently received a phone call from her nephew, who
> told her that appellant had sold one of her rings to the nephew's son. After
> confirming that the ring appellant had sold to her family member was one of the
> rings stolen from her house, she reported the theft to the police on July 14, 2015.
>
> . . . Officer Garcia inspected McGrath's house and noted that it was cluttered, filthy,
> and had an unpleasant odor. Clutter prevented Officer Garcia from properly
> examining the back windows. There were no room to dust for fingerprints either.
> However, Officer Garcia noted that the clutter remained untouched, and upon
> examining the whole house, he found no signs of forced entry. No doors and
> windows appeared to have been tampered with.
>
> Navasota Police Department Investigator Tucker . . . found that [Baldobino] had
> pawned some jewelry at a Cash America pawnshop in nearby Bryan, Texas . . . on
> July 12, 2015 . . .
>
> McGrath confirmed that the pawned jewelry was the jewelry that was stolen from
> her. Investigator Tucker then interviewed appellant over the phone. Investigator
> Tucker and appellant agreed to meet and talk to each other, and appellant told
> Tucker that he would "attempt to get some of the jewelry back." However, appellant
> did not show up for his interview, nor did he retrieve any of the jewelry.
>
> At trial, there was also evidence of a conversation between appellant and his sister
> Dell Martinez that occurred while appellant was in jail following his arrest for the
> burglary. In the recording, appellant said, "They don't have no proof of me going
> into that house and they don't have no proof of me stealing that jewelry."

*Baldobino*, 2017 WL 4782513, at *1–2.

application (Dkt. 1-2, at 15-16).  In the affidavit, McGrath states that she was angry with Baldobino due to his substance abuse problem around the time of the burglary and, "because he was under the influence at time I discovered my jewelry was missing, immediately I 'suspected' that he was involved, without any actual proof of him even being involved" (*id.* at 16).

Respondent has moved for summary judgment and seeks dismissal of all of Baldobino's claims under the statute of limitations.

## II.   THE ONE-YEAR STATUTE OF LIMITATIONS

Baldobino seeks habeas relief under 28 U.S.C. § 2254.  His petition is subject to the one-year limitations period for the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241 *et seq*. The limitations period runs from the "latest of" four accrual dates:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time period during which a "properly filed application for State post-conviction or other collateral review" is pending is not counted toward the limitation period. *Id*. § 2244(d)(2).

In Baldobino's case, the appellate court affirmed his conviction on October 24, 2017. Baldobino did not file a petition for discretionary review before his deadline, which was March 13, 2018. His conviction therefore was final on March 13, 2018. *See* TEX. R. APP. P. 68.2; *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (holding that, "with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires"). His limitations period under § 2244(d)(1)(A) thus expired one year later, on Wednesday, March 13, 2019. His federal petition, executed on October 2, 2020, is over 18 months late and time-barred unless a statutory or equitable exception applies.

Baldobino filed his first state habeas application on November 28, 2018. The application was pending for 84 days before the Court of Criminal Appeals denied relief on February 20, 2019. When 84 days are added to Baldobino's federal limitations period, his filing deadline extends from March 13, 2019, to Wednesday, June 5, 2019. Because his federal petition was not executed until October 2, 2020, the tolling provision in 28 U.S.C. § 2244(d)(2) does not render the petition timely.[2]

To the extent Baldobino relies on McGrath's affidavit as a "factual predicate" for

---

[2]     Baldobino's second state habeas application, executed on March 15, 2020, did not toll the limitations period under AEDPA because, at the time Baldobino filed it, the limitations period already had expired. *See* 28 U.S.C. § 2244(d)(2); *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013).

his claims under § 2244(d)(1)(D), his argument is unavailing.  The affidavit is dated November 29, 2018, and therefore, even if could suffice as a new factual predicate, would extend his federal filing deadline to Friday, November 29, 2019.  *See* 28 U.S.C. § 2244(d)(1)(D).  Baldobino did not execute his federal petition until October 2, 2020. Additionally, Baldobino does not demonstrate the applicability of any provisions in § 2244(d)(1)(B) or § 2244(d)(1)(C) that might warrant a later accrual date because he does not identify a state-created impediment to filing for habeas relief or a constitutional right newly recognized and made retroactive by the Supreme Court.

To the extent Baldobino invokes equitable tolling of the limitations period based on McGrath's affidavit, he fails to show that he diligently pursued his rights or that an "extraordinary circumstance" stood in the way of a timely federal petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012) ("petitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation").  As stated above, the affidavit is dated November 29, 2018, nearly two years before Baldobino filed his federal petition.[3]

Finally, Baldobino requests that the Court apply the actual-innocence exception to AEDPA's time bar.  Actual innocence, if proved, serves as an equitable exception to the

---

[3]    Baldobino also appears to argue that the COVID-19 pandemic delayed his state habeas application (Dkt. 12 at 2).  However, his first state application, and McGrath's affidavit, were executed in 2018, long before the pandemic caused shutdowns and delays in Texas.  *See* Governor Abbott Declares State of Disaster In Texas Due To COVID-19 (Mar. 13, 2020), available at https://gov.texas.gov/news/post/governor-abbott-declares-state-of-disaster-in-texas-due-to-covid-19 (last visited Mar. 25, 2022).

limitations period in Section 2244(d) and allows a "gateway" for a petitioner to present claims that otherwise would be barred. *McQuiggin v. Perkins*, 569 U.S. 383 (2013); *Hancock v. Davis*, 906 F.3d 387, 389-390 (5th Cir. 2018). A showing of actual innocence is "rare" and requires a petitioner to show that, "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Although a petitioner is not required to show diligence, as would be required for equitable tolling, the timing of the petition "is a factor bearing on the 'reliability of the evidence' purporting to show actual innocence." *Id*. at 386-87 (quoting *Schlup*, 513 U.S. at 332). In other words, if a petitioner has delayed in bringing his claim of actual innocence, that delay is a factor relevant to the reliability of his evidence. *Id*. at 399.

Here, Baldobino argues that the prosecution at his trial presented "<u>no</u> evidence proving beyond a reasonable doubt" that he committed burglary at his sister's home (Dkt. 1-2, at 2). He points to evidence from his trial that the burglarized home was cluttered, preventing a burglar's entry through a window, and that although surfaces in the home were dusty no fingerprints were found. *See*, *e.g.*, *id*. (stating that an officer testified that there was no evidence of forced entry and that clutter blocked access through windows); *id*. at 8 (stating that an officer testified that the desk was dusty but that he found no prints); *id*. at 9-10 (arguing that, but for ineffective assistance from trial counsel, no reasonable jury would have found him guilty beyond a reasonable doubt); Dkt. 12 (raising similar arguments). He also argues that, although he had been captured on surveillance tape

pawning items that his sister claimed had been stolen from her, no evidence sufficiently established that he personally had stolen the items, *see*, *e.g.*, Dkt. 1-2, at 3, and that the prosecution failed to prove all elements of burglary because they presented no evidence of "forced entry" (Dkt. 12, at 4).[4]

Baldobino's arguments regarding actual innocence rely on evidence that was in the trial record, such as the officer's testimony and the surveillance tape, and on McGrath's affidavit from 2018.  He makes no showing of "new evidence" that is material to his conviction and could satisfy the actual innocence standard.  *See McQuiggin*, 569 U.S. at 386; *Hancock*, 906 F.3d at 389-390.

Because Baldobino's petition is time-barred and he presents no meritorious argument to extend the limitations period in his case, Respondent's motion to dismiss will be granted.

## III.    CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

---

[4]    At the time Baldobino was convicted, a person committed burglary under Texas law if the person entered a building "without the effective consent of the owner" and committed, or attempted to commit, a felony, theft, or assault.  TEX. PENAL CODE § 30.02(a)(3) (2016).  The statute defines "enter" as "to intrude . . . any part of the body" or "any physical object connected with the body," without mention of forced entry.  *Id.* § 30.02(b) (2016).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (cleaned up).   Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.   <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1.      Respondent's motion for summary judgment (Dkt. 9) is **GRANTED**.

2.      The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is **DISMISSED** with prejudice as time-barred.

3.      A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____ March 28 _____, 2022.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE